### 21498

Emily G. STEVENSON, Appellant, v. Jacob C. STEVENSON, Jr., Respondent.

(279 S. E. (2d) 616)

*Kermit S. King,* Columbia, *for appellant.*

*Walter B. Brown, Jr.,* of *Martin & Brown, Winnsboro,* *for respondent.*

June 22, 1981.

NESS, Justice:

Appellant Emily G. Stevenson instituted this action to increase child support from $137.50 per month, awarded in a 1972 divorce decree, to $250.00. The family court judge found there had been a change in circumstances and increased child support to $175.00. We affirm and modify.

Appellant first asserts the famly court erred in considering appellant's income in making its determination of whether the increase was warranted. We disagree.

In *Orr v. Orr,* 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979), the United States Supreme Court declared unconstitutional the Alabama alimony statute because it discriminated on the basis of sex. Subsequent to *Orr,* our legislature reviewed gender based statutes and amended S. C. Code § 14-21-820 (1980 Cum. Supp.), to make it gender neutral. The statute now requires a family court judge to take into account the income of husband and wife when determining issue of support.

The issue of child support is subject to the continuing review of the family court and to modification upon a showing of a change in circumstances. *Benedict v. Benedict,* S. C., 268 S. E. (2d) 292 (1980). Moreover, the family court judge was required to take judicial notice of the amendment to § 14-21-820, therefore, he did not err by taking into account appellant's income in determining whether there had been a change in circumstances. See: *State v. Broad River Power Co., et al.,* 177 S. C. 240, 181 S. E. 41 (1935).

We have jurisdiction, on appeal from an order of the family court, to find facts in accordance with our view of the preponderance, or greater weight of the evidence. *Clinkscales v. Clinkscales,* S. C., 270 S. E. (2d) 715 (1980). However, this broad scope of review does not require us to disregard the findings of the lower court nor does it relieve the appellant of the burden of convincing us that the lower court committed error. *Spires v. Higgins,* 271 S. C. 530, 248 S. E. (2d) 488 (1978).

Our examination of the record substantiates the family court's finding of a change in circumstances because of the increased cost of maintaining the child

and the relative incomes of the parties. Moreover, the record sustains appellant's view that respondent's earning record is stale, that he is earning an income far below the potential of a college graduate and not making an adequate contribution to the support of his child. The order of the family court requiring respondent to pay $175.00 per month child support is continued for a period of six months, at which time, respondent shall commence paying $250.00 per month.

Affirmed and Modified.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.