1187

Martha S. KNEECE, Appellant v. Henry KNEECE, Respondent
Henry KNEECE, Respondent v. Martha S. KNEECE, Appellant.
(Two Cases)

(370 S. E. (2d) 288)

Court of Appeals

---

*John W. Harte,* Aiken, *for appellant.*

*C. David Sawyer, Jr.,* Saluda, and *Elbert S. Dorn* and *Stephen P. Bates,* Columbia, *for respondent.*

Heard May 23, 1988.

Decided June 27, 1988.

CURETON, Judge:

This is an appeal of two family court orders. In the first (divorce) appeal, the wife challenges the exclusion of specific property from the marital estate, the denial of attorney fees, the amount of alimony awarded and a provision regarding the division of personal property. In the second (child support) appeal, the wife excepts to the denial of her request for increased child support. We affirm in part, reverse in part, and remand.

The parties were married in 1959 and have five adopted children. Two of the children, who were ages thirteen and fourteen at the time of the divorce hearing, continue to

reside with the wife. These children suffer from certain mental and physical disabilities.

The husband is fifty-two years of age. He is a high school graduate and has been employed as a machinist at the Charleston Navy Shipyard for almost thirty-two years. His gross monthly income at the time of the divorce was $2,887.73 from which he nets $1,716.00. In August 1985 the husband was shot twice by the wife. Because of these injuries his physical activities are limited. The wife is fifty-six years of age and has approximately an eighth grade education. She suffers from hypertension and bad nerves. She is a diabetic and has suffered two heart attacks. The wife's total monthly income is $880.00 which includes the sum of $622.00 received from social security and governmental assistance on behalf of the children. The remainder of her income comes from earnings from babysitting according to her financial declaration.

The parties own approximately 117 acres of land. Sixty acres (the Powell Tract) was devised solely to the husband by the will of Markert A. Powell, the wife's great-uncle. Another six acres was given to the wife as a gift by her mother. The remaining real estate was acquired by the parties jointly by deed. The marital residence is located on a 32 acre tract of land which was awarded to the wife by the trial judge. The Powell tract and the six acre tract were found by the trial judge to be non-marital property. Title to the Powell tract was vested in the husband and title to the six acre tract in the wife. The remaining acreage was equally divided between the parties. It was valued by the trial judge and each party was allowed a period of thirty days to buy the other's one-half interest in the property. The trial judge further provided that if neither party desired "to purchase this property or use the property as an offset in the division of personal assets," then the property would be sold at public sale and the proceeds divided equally between the parties.

The personal property of the marriage was identified through a list prepared by the husband. Values were placed upon each item by the husband. The wife offered no proof of value and the trial judge accepted the husband's valuations. Several items were identified as having been acquired by the

husband prior to the marriage. The trial judge awarded these items to the husband and ordered the wife to return them to the husband within thirty days of the signing of the divorce decree. The decree provides that upon failure of the wife to return an item the husband is entitled to judgment against the wife for the fair market value of the item. The decree also provides that all other personal property except certain livestock would be sold at public sale and the proceeds equally divided between the parties unless the parties made a fair division among themselves within thirty days. Like the husband's non-marital property, the decree provides that if the wife should fail to produce for sale any of the property in this second category, the husband would be entitled to a judgment for one-half of the indicated value of the items not produced.

The trial court also found the wife was not entitled to an interest in the husband's civil service retirement. The court awarded her $300.00 per month in alimony and denied each party's request for attorney fees. It is not clear to us whether the wife requested child support in the divorce action.[1] The divorce decree simply provides that custody of the minor children "is granted to the [wife] and she will receive the monthly AFDC benefits as child support." The divorce decree indicates the parties stipulated to this provision.

During the time certain provisions of the divorce decree were under appeal, the wife petitioned the family court for more child support for the minor children in her custody. Her petition alleges that since the divorce decree circumstances have changed and she is now entitled to have the husband contribute to the support of the children.

## IDENTIFICATION OF PROPERTY

The wife argues the trial court erred in not finding the sixty acre tract received by the husband through the will of Markert Powell, her great-uncle, was marital property. She points out Mr. Powell was cared for by both parties for a lengthy period of time prior to his death and the devise was

---

[1] The wife's pleadings are not in the record, but the decree refers to a counterclaim by the wife seeking support for the children.

obviously an effort on his part to repay the parties for their assistance. The wife, however, does not argue the land was a joint gift and is thus marital property. To the contrary, she argues the land has been transmuted into marital property. We reject the wife's argument for three reasons.

First, we do not see in the record where the question of transmutation was ever presented to or ruled upon by the trial judge. An issue either not presented to the trial court or not properly preserved by an exception presents no question before us on appeal. *Mackey v. Kerr-McGee Chemical Corp.*, 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984). Secondly, the wife has not moved pursuant to S. C. R. Civ. P. 59(e) to amend the divorce decree to consider the transmutation issue. Therefore the issue of transmutation is not properly preserved for review. *Hudson v. Hudson,* 290 S. C. 215, 349 S. E. (2d) 341 (1986) (use of Rule 59(e) in family court apparently approved); *Ringer v. Graham,* 293 S. C. 238, 359 S. E. (2d) 523 (Ct. App. 1987). Finally, we fail to perceive any meaningful distinction between the use of the property here and the use in *Peterkin v. Peterkin,* 293 S. C. 311, 360 S. E. (2d) 311 (1987). In *Peterkin,* income from separate property was used for family purposes and the separate property was not deemed marital property. Here, hay from the sixty acre tract was used to feed cattle on the thirty-one acre tract. The latter tract was found to be marital property and distributed to the wife.

As we understand the facts, the husband is a federal civil service employee at the Charleston Navy Shipyard. Through his employment he has acquired approximately $32,000.00 in a retirement fund. The retirement fund is funded by him through paycheck deductions. The husband testified that he could not withdraw the funds now, but he may retire in two and one-half years at which time this fund will contribute one-half to his total retirement benefits of $1,100-$1,200 per month and the Government will contribute the other one-half. He also testified that if he should die before he withdraws all of his contributions to the fund the balance would be forfeited to the Government. Based upon this information, the trial judge found the husband's right to the funds had not vested and denied the wife any interest in the fund.

The Equitable Apportionment of Marital Property
Act defines marital property as "all real and personal
property which has been acquired by the parties dur-
ing the marriage and which is owned as of the date of filing
or commencement of marital litigation...." Section
20-7-473, Code of Laws of South Carolina, 1976 as amended.
The Act excludes certain property from the marital estate.
No one contends the civil service pension falls within one of
the exclusions. The question then is whether the subject
retirement fund is *property* acquired during the marriage.
Apparently, the trial judge concluded that because the hus-
band could not begin receiving his retirement funds immedi-
ately the retirement account was not vested[2] and it could not
be classified as marital property. Therefore, the wife could
obtain no interest in it. We hold this was error.

For classification purposes, most courts have found no
meaningful distinction between matured and unmatured re-
tirement pensions. An overwhelming majority of the states
that have considered the issue have classified unmatured
pensions as marital property. *Cross v. Cross*, 363 S. E. (2d)
449 (W. Va. 1987); *In Re Marriage of Grubb*, 745 P. (2d) 661
(Colo. 1987); *Hodgins v. Hodgins*, 126 N. H. 711, 497 A. (2d)
1187 (1985); *Day v. Day*, 281 Ark. 261, 663 S. W. (2d) 719
(1984); *Kuchta v. Kuchta*, 636 S. W. (2d) 663 (Mo. 1982);
*Deering v. Deering*, 292 Md. 115, 437 A. (2d) 883 (1981). See 5
*Equitable Distribution Journal* No. 3, p. 33-34 (March 1988)
for a listing of other jurisdictions. Moreover, even if the
husband's pension rights are not subject to present division,
they are properly includable in the marital estate and can be
used as an offset to other property. *Cross v. Cross, supra; see
Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App.
1985).

The husband testified he would begin receiving his pen-
sion in two and one-half years. We recognize problems may

---

[2] We think that the husband misunderstood the provision of the Civil
Service Retirement Act or purposefully misled the trial judge regarding his
entitlement to recover sums paid into the retirement fund and whether or
not his retirement is vested. See 5 U.S.C.S. § 8331 *et seq.* (1980). As we
understand the Civil Service Retirement Act, the husband's retirement
fund rights vested many years ago.

be presented in valuing the pension, determining what part of it was acquired during the marriage, and also in determining how and when the pension will be divided. These practical difficulties, however, present no justification for denying the wife an interest in the pension. We, therefore, reverse the trial judge to the extent he determined the civil service retirement fund was not a part of the marital estate.

## ATTORNEY FEES

The wife next argues the trial judge abused his discretion by failing to award her attorney fees. The decree indicates the record did not support the award of an attorney fee. The only evidence in the record on appeal concerning this issue is the testimony of the wife who stated she paid her attorney approximately $2,000.00 in fees.[3] It appears some portion of this fee was attributable to services unrelated to this case. The award of attorney fees is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). On this record we see no abuse of discretion.

## ALIMONY AND PERSONAL PROPERTY

The wife claims the alimony award of $300.00 per month is inadequate. Because we must remand the equitable division award as pertains to the civil service retirement, and because the trial judge considered the wife's nonentitlement to an interest in the husband's pension as a basis for the award of alimony, we remand the alimony award for reconsideration along with the retirement pension.

The trial court found the personal property so diverse that "it simply defies division." The wife does not challenge this finding. She challenges only the provision of the court's order which held that if she was unable to produce certain items of property the court awarded to the

---

[3] Though the wife's attorney mentioned at trial and argues in his brief that his fee was based upon the fee charged by the husband's attorney, which according to the husband was $2,000.00, there is no further explanation of the value and extent of the services performed by the husband's attorney.

husband, he would be entitled to a judgment for the fair market value of the items not produced. She argues this was an abuse of discretion because she should have been permitted "to substitute any missing item with one of equal value from the wife's list." Even if error, we find no prejudice. The husband presented three property lists: one list contained property acquired by him prior to the marriage; the second list contained property he wanted the court to award him; and the third was a list of all of the property of the marriage. Nowhere in the record do we find any reference to the "wife's list" of properties. The record simply does not reflect the existence of other equivalent property that could be substituted. Moreover, the wife is precluded from making this argument on appeal because she failed to request amendment of the decree to consider the issue of substitution under the provisions of S. C. R. Civ. P. 59(e). *Hudson, supra.* Trial courts are granted considerable discretion in fashioning a fair property division. We find no abuse of that discretion.

## SECOND APPEAL-CHANGE OF CIRCUMSTANCES

In the second appeal the wife claims a right to receive child support for the children. She asserts the following change of circumstances:

> [T]he parties are now divorced, the property has been divided resulting in a substantial reduction of property available to the [wife] for farming and resulting in a substantial transfer of property from her use and possession and further resulting in substantial imposition of debt and expense to her which did not exist as to her during the course of the marriage.

The order of the trial judge is summary and merely states there has been no change of circumstances since the divorce decree. The wife claims Family Court Rule 27(C) requires more. We agree the order is woefully inadequate. However, its inadequacy does not require reversal since it is apparent from the pleadings and a cursory review of the facts that the alleged change of circumstances relates to matters that were within the contemplation of the parties and the court at the time the

divorce decree was entered. The wife first argues that because she now has less land to farm and raise cattle on, this fact affects her ability to earn income. She also claims as a change of circumstance the fact she must now make mortgage payments on the home. Clearly, these circumstances were evident at the time of the divorce. Finally, the wife testified she had expended certain sums for repairs subsequent to the divorce but the nature and scope of these repairs was not described. The wife admits the need for repairs existed at the time of the divorce hearing. In fact, the wife testified in the divorce hearing the house was in "bad shape" and needed extensive repairs.

Changes of circumstances resulting from a divorce decree that were within the contemplation of the parties at the time the decree was entered do not provide an adequate basis for modifying a child support award. *Calvert v. Calvert,* 287 S. C. 130, 336 S. E. (2d) 884 (Ct. App. 1985). The effects of a division of property in a divorce proceeding are ordinarily an anticipated change of circumstances that will not provide a sufficient basis for modifying a child support award.[4]

Accordingly, the order of the trial judge is affirmed as to all issues except the equitable division and the alimony awards. Those matters are remanded for reconsideration in accordance with this opinion.

Affirmed in part, reversed in part and remanded.

GARDNER and GOOLSBY, JJ., concur.

---

[4] The wife does not argue that because the husband was not ordered to pay child support in the divorce decree, there has never been a determination of the husband's liability for child support.