1914

Mitchelle C. COX, Appellant-Respondent v.
Austin L. COX, Respondent-Appellant.

(425 S.E. (2d) 761)

Court of Appeals

*E. Windell McCrackin,* Myrtle Beach, *for appellant-respondent.*

*Eric P. Nelson,* Myrtle Beach, *for respondent-appellant.*

Heard Oct. 14, 1992; Decided Dec. 7, 1992.

Reh. Den./Refiled Feb. 11, 1993.

BAROODY, Acting Judge:

In this family court action, the wife, Mitchelle C. Cox, brought an action against the husband, Austin L. Cox, alleging entitlement to a ½ interest in certain property sold by the husband. The husband counterclaimed for alleged overpayments to the wife and a ½ interest in the rental value of the marital home in which the wife continued to reside subsequent to their divorce. Both parties also sought attorney's

fees and costs. From an order of the trial judge denying relief to either party, they both appeal. We affirm.

The parties were married November 22, 1947, separated July 15, 1981 and divorced September 2, 1983. The final order of divorce incorporated a separation agreement signed by both parties. The portion of the agreement dealing with equitable division of marital property provided as follows:

> Husband and Wife hereby agree that all property owned by either of them separately or by them jointly shall remain as such and that no further grant, release or quitclaim is necessary. The parties shall make such mutual disposition of the said property as they may determine from time to time.

Neither party appealed this order.

In May, 1985, the wife brought an action seeking to have the settlement agreement set aside. The husband moved for summary judgment, on the basis of res judicata, which was granted by the trial judge. Neither party appealed this order.

Subsequently, the wife instituted this action seeking an interest in proceeds from the sale of certain real estate and a boat, alleging entitlement to the same by virtue of the settlement agreement incorporated into the divorce decree. The husband denied the wife's entitlement to any of the proceeds alleging the wife had received all amounts due from the sale of joint assets and that the wife had no claim to the proceeds of assets owned separately by the husband. He further counterclaimed for repayment of certain sums of money he alleged were inadvertently paid to the wife and for entitlement to ½ of the rental value of the marital home in which the wife continued to reside.

The properties involved in this appeal include certain lots in Garden City, which were titled solely in the husband's name, the Vista Drive properties, which included various lots and the marital home which were titled both jointly and separately in the husband's name and in the wife's name, and a boat, which the husband stated was titled in the name of a corporation in which he was the president and 100% stockholder. In November of 1984, the husband sold the Garden City lots and received mortgage payments from the purchaser in 1985, 1986 and 1987 and received a $100,000 payment for the bal-

ance in 1988. From 1985 to 1987, the husband paid the wife over $30,000 which the wife maintained was ½ of the mortgage payments on the Garden City property and was paid pursuant to the settlement agreement. The husband contended this money was paid inadvertently and sought reimbursement.

In 1985 the husband, through his corporation, sold the boat in question for $154,000. The boat was not titled in the wife's name and the husband refused to give her any of the proceeds from the sale. In 1988, the parties sold the Vista Drive properties. Both parties were represented by attorneys at that time and it was agreed that the proceeds would be split based on the ratio of square footage of property owned separately to that owned jointly. Following this formula, the wife received 22.9% of the proceeds and the husband received 77.1%.

As a condition of the sale of the Vista Drive properties, the husband negotiated for the wife to remain in the marital home for an additional two years. The wife testified she had remained in the home subsequent to the parties' divorce with the agreement of the husband. She further stated the husband wanted her to stay there so she could remain in close proximity to his mother.

Based on the evidence presented, the trial judge held as follows:

> The language of the September 2, 1983 Order is clear and unequivocal. "Husband and Wife hereby agree that all property owned by either of them separately or by them jointly shall remain as such and that no further grant, release, or quit claim is necessary."
>
> This Court is sympathetic to the arguments raised by Wife in this matter and it may indeed be true that she was ill-advised to enter into this agreement. The fact remains that she did and the agreement has twice before been upheld by this Court. As a result, Wife is not entitled to the proceeds of any property titled separately in Husband's name, nor is Husband entitled to any property held separately in Wife's name.
>
> It is significant that when the parties sold the Vista Drive properties in 1988, they divided the proceeds strictly according to the prior Order.

As to the husband's claims against the wife, the the trial judge found the payments of over $30,000 "were in fact a gift, and made voluntarily outside of the scope of his responsibilities under the prior Order of the Court" based on the parties' commingling of funds subsequent to the divorce and the pattern of behavior exhibited by the husband in contributing to the wife's support during periods of prosperity. He likewise found the husband's actions in allowing the wife to remain in the marital home "were gratuitous in nature, not required under the Order, and therefore intended as a gift to the Wife." He further denied both parties' attorney's fees and costs.

## WIFE'S APPEAL

The wife first contends the trial judge erred in construing the settlement agreement contained in the divorce decree as he did. She asserts the judge erred in finding she was not entitled to any of the proceeds from property titled solely in the husband's name at the time of the divorce. The trial judge ruled the separation agreement provided for the property to be distributed according to legal title. Both the language of the agreement and the manner in which the parties treated various other properties subsequent to the divorce support the trial judge's interpretation. The wife also argues that under the terms contained in the agreement, the husband had no authority to dispose of the property without her consent. Based on the terms of the agreement, we find the husband was not required to obtain the wife's consent before disposing of the property in question, because title to the property was in his name separately.

The wife further contends the trial judge erred in denying her attorney's fees. Her sole argument is that she should have prevailed on the property issue and, thus is entitled to these fees. Given our affirmance to the trial judge's interpretation of the agreement, this argument has no merit.

## HUSBAND'S APPEAL

The husband first contends the trial judge lacked subject matter jurisdiction to find that the payments of over $30,000 were gratuitous. He appears to argues this is so because the judge lacked jurisdiction to alter the terms of the divorce decree. This argument has no merit. First, it should be noted the

husband sought reimbursement of this money through his counterclaim alleging it was paid by mistake. The trial judge, in his ruling implicitly found it was not paid by mistake, but was a gift. Further, the trial judge in no way altered the terms of the agreement. Rather, he found the agreement did not require the payments, but the husband made them as a gift.

The husband further asserts the trial judge erred in finding the transfer of funds to the wife was a gift arguing there is no evidence of the requisite donative intent. There is no evidence the husband ever raised this issue before the trial judge. In his bench ruling, the trial judge specifically found the husband "chose to make certain gifts" to the wife. The husband made no argument at that time. Further, the written order specifically found the payments were a gift but the husband made no Rule 59(e), SCRCP motion challenging this finding. Therefore this issue has not been properly preserved for review. *Kneece v. Kneece*, 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988).

The husband next contends the trial judge erred in failing to order the wife to pay ½ of the reasonable rental value of the marital home for her post-divorce occupancy. In making this argument, he summarily incorporates portions of his brief regarding the trial judge's gift findings and lack of donative intent. For the same reasons as noted above, we affirm the trial judge's finding that the husband's actions in allowing the wife to remain in the marital home were gratuitous.

■ Finally, the husband contends the trial judge erred in denying him attorney's fees and costs. We disagree.

First, while the husband relies heavily on the fact that he prevailed in the wife's suit against him in arguing his entitlement to fees, he ignores the fact that he lost on his counterclaims. Further, he does not dispute the trial judge's findings that he is in a "far more advantageous financial condition" than the wife and that the wife would have difficulty paying any fees and costs other than her own. Accordingly, we find no abuse of discretion in the denial of fees and costs.

The order below is therefore affirmed.

Affirmed.

BELL and CURETON, JJ., concur.