THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Janice Elaine Garrett,       
Appellant,
 
 
 

v.

 
 
 
Estate of Jerry Neil Marsh,       
Respondent.
 
 
 

Appeal From Sumter County
Alvin D. Johnson, Family Court Judge

Unpublished Opinion No. 2004-UP-650
Submitted November 1, 2004  Filed December 
 21, 2004

REVERSED

 
 
 
H.W. Pat Paschal, Jr. and James H. Price, III, both of Greenville, 
 for Appellant.
Kenneth C. Porter, of Greenville ,for Respondent.
 
 
 

HEARN, C.J.:  In this contempt action, Janice 
 Elaine Garrett (Wife) claimed Jerry Neill Marsh [1] (Husband) violated their separation agreement by improperly 
 deducting from her share of rental income monies expended by Husband on improvements 
 made without her prior approval. The family court found Husband in contempt 
 and ordered him to reimburse Wife for the deductions made in 2001.  By motion 
 to reconsider, Wife sought to introduce evidence of deductions from rental income 
 made during the years 1997, 1998, 1999, and 2000.  The family court granted 
 her request for the years 1999 and 2000, but barred her claims to monies for 
 the years 1997 and 1998.  The family court found Wifes claims were barred by 
 res judicata.  Wife appeals.  Because Husband never pled the defense of res 
 judicata, we reverse. [2]   
FACTS
Husband and Wife were 
 divorced on November 14, 1996.  The final order of divorce incorporated       
 the parties separation agreement by reference.  Among other provisions, 
 the separation agreement provided for certain assets to be sold and the net 
 sale proceeds to be divided between the parties.  The agreement also contemplated 
 that some of the assets would generate rental income and provided for the rental 
 income to be used to pay certain expenses, including necessary maintenance or 
 repairs, and for any surplus to be divided between the parties.  The agreement 
 stipulated that such repairs must first be approved by both parties in writing.    

In January of 1999, Wife filed 
 a complaint seeking to hold Husband in contempt for his failure to comply with 
 certain terms of the separation agreement.  Wife alleged, among other things, 
 that Husband failed to account for all the income and expenses on all the properties 
 and further performed maintenance and/or repairs which were not approved, by 
 both parties in writing.  At the contempt hearing, the judge permitted Wife 
 to present five of the allegations asserted in her complaint, but did not permit 
 Wife to present the issue concerning expenses from maintenance and repairs.  
 The court stated at the hearing:  If I get an amended ruling, Ill hear the 
 rest of it.  Im going to set yall [sic] to come in at two oclock on December 
 11th, thats a Monday.  In his written order, the court finds this 
 matter should be rescheduled and is rescheduled for December 11, 2000 at 2:00 
 p.m. for the matter to be completely tried with these remaining issues and any 
 other issues to be brought up by the parties.  Following this written order, 
 Wife moved to dismiss her rule to show cause and the remaining issues raised 
 therein with prejudice.  The court granted the motion to dismiss with prejudice.  

On May 8, 2001, Wife filed another 
 complaint seeking to hold Husband in contempt for, among other allegations, 
 continuing to make repairs to an office building without prior approval by Wife.  
 The complaint and amended complaint stated that this issue was previously before 
 the Court on a Rule to Show Cause.  At the hearing on contempt, the judge found 
 Husband in contempt for deducting from rents due to Wife, monies Husband expended 
 on renovations to the office building without the prior approval of Wife.  The 
 judge did not permit the introduction of any documentation concerning the amounts 
 deducted by Husband.  After Wifes counsel clarified his argument to the judge, 
 and Husbands counsel conceded that it was improper for Husband to deduct the 
 expenses from Wifes rental income, Wifes counsel stated:  I wont submit 
 those papers then, Your Honor.  
The judge found Husband in contempt for 
 deducting expenses for repairs from Wifes rental income without prior approval 
 of Wife.  Both Wife and Husband submitted proposed orders.  Wifes order contained 
 figures demonstrating the amounts Husband deducted from Wifes rental income 
 for the years 1997 through 2001.  Husbands order contained figures for the 
 year 2001 only.  The judge accepted the figures as presented by Husband for 
 the year 2001 only, and ordered Husband to reimburse Wife $20,120.67.  
Wife filed a Rule 59(e) motion requesting 
 an opportunity to introduce evidence regarding the amount of expenses deducted 
 from Wifes rental income.  At the hearing on the motion, Husband did not dispute 
 the figures as presented by Wife for the years 1997, 1998, 1999, and 2000.  
 Rather, Husband argued that Wifes Rule 59(e) motion should be denied because 
 of the dismissal with prejudice of Wifes 1999 rule to show cause and the remaining 
 issues raised therein.  The court granted Wifes motion for reconsideration 
 and found that Wife was entitled to the expenses deducted for the years 1999 
 and 2000, in addition to those from the year 2001 previously ordered.  However, 
 the court denied the motion with respect to the years 1997 and 1998, finding 
 Wifes claims to monies owed from those years were barred by the order granting 
 Wife a dismissal of her 1999 rule to show cause with prejudice.  From this order, 
 Wife appeals. 
STANDARD OF REVIEW
In appeals from the family court, 
 we have authority to find facts in accordance with our own view of the preponderance 
 of the evidence.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 
 616, 617 (1981).  However, this broad scope of review does not require us to 
 disregard the findings of the lower court.  Id.  Neither are we required 
 to ignore the fact that the trial judge who saw and heard the witnesses, was 
 in a better position to evaluate their credibility and assign weight to their 
 testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 
 (1981).
LAW/ANALYSIS
Wife argues the family court erred in 
 denying her motion for reconsideration with respect to monies owed during the 
 years 1997 and 1998 on the basis of res judicata because the issue concerning 
 expenses for repairs was not raised in any previous proceeding or prior pleading.  
 Wife also argues in her reply brief that Husband was precluded from asserting 
 res judicata at the Rule 59(e) hearing because he raised this defense for the 
 first time at the hearing.  We agree.
A case that is dismissed with prejudice 
 indicates adjudication on the merits and prohibits subsequent litigation by 
 res judicata as if the action had been tried to final adjudication.  See 
 Nelson v. QHG of South Carolina, Inc., 354 S.C. 290, 311, 580 S.E.2d 
 171, 182 (Ct. App. 2003) (citations omitted).  Res judicata requires three 
 elements: (1) the judgment must be final, valid and on the merits; (2) the parties 
 in the subsequent action must be identical in the first; (3) the second action 
 must involve matters properly included in the first action.  Latimer v. 
 Farmer, 360 S.C. 375, 385, 602 S.E.2d 32, 37 (2004).  Res judicata is an 
 affirmative defense that must be pled at trial in order to be pursued on appeal. 
 An affirmative defense is waived if not pled. RIM Assocs. v. Blackwell, 
 359 S.C. 170, 182, 597 S.E.2d 152, 159 (Ct. App. 2004) (citations omitted).  
 Moreover, defenses not presented in the pleadings will not be considered on 
 appeal.  Id. at 182-83, 597 S.E.2d at 159.
In this case, Wife asserted in her 1999 
 complaint for contempt that Husband failed to account for all the income and 
 expenses on all the properties and further performed maintenance and/or repairs 
 which were not approved, by both parties in writing.  Wife voluntarily dismissed 
 this complaint with prejudice.  Wife sought to hold Husband in contempt again 
 in her 2001 complaint for continuing to make repairs to an office building without 
 prior approval by Wife.  Wifes complaint and amended complaint stated that 
 this issue was previously before the Court on a Rule to Show Cause.  Husband 
 answered the 2001 complaint admitting he made repairs to the building but denying 
 he was seeking reimbursement for the costs of the repairs.  Husband never asserted 
 res judicata as a defense to Wifes claims in his answer or at the hearing on 
 the merits; rather, Husband raised it for the first time on reconsideration.  
 As a result, we find Husband waived his right to assert the defense of res judicata.  
 See RIM Assocs., 359 S.C. at 182-83, 597 S.E.2d at 159.   Accordingly, 
 we find the judge erred in denying Wifes claims for monies owed during the 
 years 1997 and 1998.  
Because the parties stipulated the facts 
 at the Rule 59(e) hearing and Husband conceded to deducting from Wifes rental 
 income $14,500 for renovations made without Wifes prior approval in 1997 and 
 $10,350 in 1998, we find Wife entitled to reimbursement from Husband for those 
 funds in addition to the funds from the years 1999, 2000, and 2001 as previously 
 ordered.  
REVERSED.
 GOOLSBY and WILLIAMS, 
 JJ., concur.

 
 
 [1] Jerry Neill Marsh died while this litigation was pending.  The Estate 
 of Jerry Neil Marsh has been substituted as a party.  

 
 [2] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.