THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael E. Landry, Sr., Appellant,
v.
Donna E. Lewis, Respondent.
 
 
 

Appeal From Charleston County
 Judy C. Bridges, Family Court Judge

Unpublished Opinion No. 2005-UP-548
Submitted September 9, 2005  Filed October 12, 2005  

AFFIRMED IN PART, REVERSED IN PART,
AND MODIFIED IN PART 

 
 
 
Frank M. Cisa, of Mt. Pleasant, for Appellant.
Donna E. Lewis, Pro Se.
 
 
 

PER CURIAM: This is an appeal from a post-divorce action in which the trial court denied Husbands request to reduce his child support obligation, to require Wife to maintain health insurance for the two minor children, and to award him costs and attorneys fees, based on a substantial change in his financial condition.[1]  We affirm in part, reverse in part, and modify in part.[2]  
FACTS
Donna E. Lewis (Wife) and Michael E. Landry, Sr. (Husband) were married on July 18, 1994.  On June 26, 2001, the trial court granted Wife a divorce on the grounds of habitual drunkenness caused by the use of illicit drugs.  In addition, the trial court adopted the parties separation and property settlement agreement, which, among other things, granted custody of the couples two children to Wife and provided Husband would pay $1,300 per month in child support to Wife, based on his imputed income of $80,000.  In February 2003, Husband requested a reduction in child support, maintenance of health insurance for the parties children by Wife, and award of attorneys fees and costs to Husband, based upon the loss of his business due to serious and significant financial difficulties.  In an amended complaint, Husband also requested specific rights of visitation with his minor children.  
The trial courts temporary order, issued in December 2003, temporarily denied Husbands request for a reduction in child support.  However, the trial court ordered Husband to pay the sum of $1,000 per month of his child support obligation with the remaining amount of $300 per month to accrue.  
At the final hearing, Husband claimed his construction business closed as a result of losing Wifes contributions to the operation of the business upon the parties divorce, his extended gall-bladder illness, and his on-going cocaine addition.  Husband further presented evidence that since he closed his business in 2002, he has not made more that $910 per week, averaging a gross monthly income of $3,943.  Husband also received workers compensation from a recent work-related injury, but expected to be back to work in ten to twelve weeks from the date of the hearing.  
The trial court found Husbands business, closed as a result of the loss of the partnership responsibilities he shared with [Wife] who worked with him during the marriage, and the fact that [Wife] had contributed to the business prior to the parties separation.  The trial court also attributed blame to Husbands drug abuse and gall-bladder disease, which occurred approximately 18 months prior to the parties separation.  Nevertheless, the trial court concluded Husband did not show a substantial change of circumstances justifying a reduction in his ongoing child support on a permanent basis because [c]hanges in financial status as a result of the property division from the divorce are generally in the contemplation of the parties at the time of the divorce and do not qualify as a substantial change.  The trial court ordered reinstatement of the original child support order on November 1, 2004, less than five months from the hearing date (giving Husband sufficient time to recuperate physically), and required Husband to pay an additional twenty (20%) percent of the on-going child support towards the accumulated child support arrearage.  It also ordered Husband to provide health insurance for the minor children and pay half of Wifes attorneys fees, which amounted to $1,930.  This appeal followed.      
STANDARD OF REVIEW
In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  This broad scope of review, however, does not require us to disregard the findings of the trial court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the trial court, who saw and heard the witnesses,
was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002). 
LAW/ANALYSIS

Husband claims the trial court erred in failing to reduce his child support obligation because his business failed as a result of the loss of the partnership responsibilities with Wife during the marriage, his gall-bladder disease, and his drug addiction.  Further, Husband argues he never made $80,000 annually despite a statement to the contrary in the settlement agreement.  We disagree.
Child support awards are within the sound discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal. 
Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  In determining child support, the trial court must consider both parties incomes, abilities to pay, education, expenses, assets and the facts and circumstances of each case.   Id. 
The issue of child support is subject to the continuing review of the family court.  Id.  Child support may be modified upon a proper showing of a change in either the childs needs or the supporting parents financial ability.  Calvert v. Calvert, 287 S.C. 130, 137, 336 S.E.2d 884, 888 (Ct. App. 1985).  It is necessary to show a sufficient change in conditions or circumstances of one or more of the parties or principals.  Id.  A downward modification of child support based upon a decrease in the noncustodial parents income is not warranted absent a strong showing by the party seeking the change that he is no longer in a condition to make the support payments prescribed by an earlier Family Court order.  Miller v. Miller, 299 S.C. 307, 310-11, 384 S.E.2d 715, 717 (1989).  Changes in financial status as a result of the property division from the divorce are generally in the contemplation of the parties at the time of the divorce and do not qualify as a substantial change.  Kielar v. Kielar, 311 S.C. 466, 470, 429 S.E.2d 851, 853 (Ct. App. 1993); Kneece v. Kneece, 296 S.C. 28, 35-36, 370 S.E.2d 288, 292-93 (Ct. App. 1988).
Husband suffered from a gall bladder condition in the eighteen months prior to the parties separation.  In addition, Husbands drug addiction can be traced as far back as 1982.  In fact, Wife testified Husbands drug addiction contributed significantly to the failure of their marriage.  Lastly, Husband knew before he signed the settlement agreement that Wife would no longer assist him in the business.  Therefore, the changes in his financial status from the illnesses and as a result of the separation were well-within Husbands contemplation at the time of the divorce when he signed the settlement agreement stating he made $80,000 annually.  Furthermore, Husbands financial difficulties are a direct result of many of his own actions.  Wife, on the other hand, through no fault of her own, should not be required to lower her and the childrens standard of living. 
Husband testified he has made substantial efforts to recover from his drug addiction and, in fact, has been drug free since November 2003.  His gall bladder disease is no longer an issue.  Furthermore, though he suffered an elbow injury, he expected to return to work soon after the final hearing.  We acknowledge Husbands efforts to remain drug free and get back to work so that he may provide for his children.  Therefore, we modify the trial courts final order and forgive Husbands arrearages that accrued subsequent to the filing of the pleadings up and until November 1, 2004.  We also modify the trial courts order, relating to the additional sum Husband is required to pay to reduce any remaining arrearage, from 20% of the ordered amount ($1,300 per month) to $100 per month.  However, Husband failed to prove by a preponderance of the evidence that he suffered a sufficient change in his financial condition to warrant a downward modification of child support.  Therefore, as of November 1, 2004, Husband is ordered to pay the $1,300 per month in child support as awarded to Wife in the original action plus $100 per month toward the arrearage.
CONCLUSION
For the reasons stated herein, the trial courts order is hereby 
AFFIRMED IN PART, REVERSED IN PART, AND MODIFIED IN PART.          
HUFF, WILLIAMS, JJ., and CURETON, A.J., concur.     

[1] Wife did not file a Respondents brief.  Thus, she is bound by the matters stated in Appellants statement of the case.  See Rule 208(b)(2), SCACR.  Moreover, under Rule 208, SCACR, we may take such action as we deem proper.  
[2] We decide this case without oral argument, pursuant to Rule 215, SCACR.