THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
David G., Angela G., Defendants, of whom David G. is Appellant.
 IN RE:  T.G., D.G., A.G., Minor children under the age of eighteen.
 
 
 

Appeal From Richland County
 Dorothy Jones, Family Court Judge

REVERSED

Unpublished Opinion No. 2006-UP-406
Heard November 7, 2006  Filed December 12, 2006

 
 
 
Robert E. Horner, of Columbia, for Appellant[1]
Cherolyn Roselle Allen, of Columbia, for Respondent.
 
 
 

PER CURIAM:  David G. (Father) appeals the family courts findings that he abused his son (Child), and that he posed a substantial risk of abuse to his two other children.  Father argues the evidence does not support the family courts decision.  We reverse.
FACTS
Child alleged that in an argument over attending church on Sunday March 6, 2005, Father grabbed him around the neck, lifted him off the floor, and held him in the air for about two minutes.  Child stated that he couldnt breathe or talk.  Child reported this occurrence to his school on Wednesday March 9, 2005, and the school reported the matter to the Richland County Sheriffs Department (the Police) who referred the matter to the South Carolina Department of Social Services (DSS).  Father admitted arguing over Childs refusal to attend church, but denied choking Child and presented a different account of the events.  Father stated that after Child had slapped away and then grabbed his hand when he tried to present Child with a shirt for church, he put his hand on Childs chest and held Child against the wall.  Father stated that the securing of Child against the wall lasted only long enough for him to inform Child that going to church was not up for debate.     
DSS took all three children into emergency protective custody and brought a summons and complaint against Father for his alleged March 6, 2005, abuse of Child.  Despite allegedly being lifted off the ground and choked for two minutes, Child suffered no visible physical injuries.  As per both the Police and DSS and in contrast to Childs testimony, there was no bruising or other injuries found on Childs neck.  In fact, the only bruise appeared on Childs chest below his neck. 
On  September  19,  2005,  Father  was  brought  before  the  Richland County Family Court for a determination of physical abuse against Child.[2]  In an order filed November 16, 2005, the family court made a finding of abuse against Father regarding Child and further found Father posed a substantial risk of abuse to the two other children.  Father now appeals.
STANDARD OF REVIEW
In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence. Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  However, this broad scope of review does not require us to disregard the family courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Wynn v. Wynn, 360 S.C. 117, 123, 600 S.E.2d 71, 74 (Ct. App. 2004).
LAW/ANALYSIS
Father contends the family court erred in finding he abused Child because the testimony supports his version of the events, and Father argues there is no evidence that he poses a substantial risk to his other children.  We agree. 
Father and Child were the only viable witnesses to the events of March 6, 2005, and they presented conflicting testimony.  Childs account of the events are somewhat incredible.  It is difficult to believe Father could have lifted Child off of the floor by his neck and held him in the air with his feet dangling for almost two minutes.  Further, the only  physical evidence  was  a bruise below [Childs] neck on his chest.  This evidence is inconsistent with Childs testimony and wholly consistent with Fathers testimony that  he put his hand on Childs chest and secured him against the wall.[3] 
Child testified that he hated his father because of past problems between Father and Mother, and he wanted Father to be in prison for a long time.  Child further testified he wanted Mother back and Father gone, and that he knew if he told his school that father choked him that this would happen.[4]
While we are mindful that the family court which saw and heard the witnesses was in a better position to evaluate their credibility, we find that the family court failed to assign credibility to either of the witnesses.  At the conclusion of the hearing, the family court stated Its not so much that I believe or dont believe what was said here . . .  If the family court fails to assign credibility to witness testimony, then our deference to its superior position to adjudge the weight of the witness testimony is eliminated, and we must draw our own conclusions based on a preponderance of the evidence. 
We find the preponderance of the evidence supports a finding that Father did not abuse Child.  Because we reverse the family courts finding of abuse against Child, we also reverse the family courts finding that Father poses a substantial risk of abuse to his other two children.
CONCLUSION
Based on the foregoing, the family courts order is
 REVERSED.
 GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] We note our appreciation for the able representation provided by appointed counsel.
[2] At a Merits Hearing held prior to this matter, all parties reached an agreement with regards to custody and treatment.  The parties agreed custody of all three of the children would be returned to Angela G. (Mother), and that Angela and the children would begin counseling.  The only disputed item was the finding of abuse by Father.   
[3] Section 20-7-490(2)(a) of the South Carolina Code (Supp. 2005) excludes from the definition of child abuse corporal punishment or physical discipline which in pertinent part: (i) is administered by a parent . . . (ii) is perpetrated for the sole purpose of restraining or correcting the child (iii) is reasonable in manner and moderate in degree (iv) has not brought permanent or lasting damage to the child; and (v) is not reckless or grossly negligent behavior by the parents. The actions which Father testified to would fall under this exception and would not constitute abuse.
[4] Mother had left the home after a verbal disagreement with Father.