Appellants, Gene Sheryl Nix, Sandra Dianne Nix and Dewayne Nix (hereinafter either referred to individually or jointly asIntervenors) appeal the trial courts order denying their motion to intervene, arguing that their participation and the relief the

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 St. Luke Methodist Church Appellant,
 
 
 

v.

 
 
 
 Lynn Coker Browder, Mark B. Browder, Robert R. McGee and Patricia Coker Respondents,
 
 
 

Appeal from Florence County 
 James E. Brogdon, Circuit Court Judge

Unpublished Opinion No. 2007-UP-018
Heard December 8, 2006  Filed January 11, 2007

AFFIRMED

 
 
 
 D. Malloy McEachin, Jr., of Florence, for Appellant.
 C. Craig Young, of Florence, for Respondents.
 
 
 

PER CURIAM:  Following a non-jury trial, St. Luke Methodist Church appeals the trial judges granting of a prescriptive easement over its cemetery, arguing that Respondents use has not been continuous over twenty years and that the sanctity of the cemetery should trump any prescriptive easement Respondents may have.  We affirm.
FACTS
St. Luke cemetery in Florence County has been in existence for over a hundred years.  The one-acre cemetery is surrounded on all sides by property belonging to others.  Blue Stone Drive is the right-of-way the church has always used to get from Sardis Highway to its property. Respondents, the owners and residents of the properties surrounding the cemetery, as well as their predecessors in title, have always used Blue Stone Drive as the exclusive means to access their properties.  In fact, because Blue Stone Drive is the only street that leads to the property behind the cemetery, it is also traversed by mail carriers and emergency personnel.  Florence County has regularly maintained Blue Stone Drive since at least 1973.    
When Lynn Browder, one of the respondents, registered her plat in 1994 in order to build her house, she listed a fifty-foot right-of-way from her land to Sardis Highway, wholly outside of St. Lukes cemetery property.  This right-of-way is impassible, however, due to a fish pond, a canal ditch, and the wetland quality of the land.  All of the materials used to build Lynn Browders house were brought in on Blue Stone Drive.  Also, Browders mothers mobile home and the two mobile homes on Respondent Robert McGees property were brought in on Blue Stone Drive.  
Until the commencement of this action, St. Luke never made any attempt to restrict neighboring residents use of Blue Stone Drive.  Neither Respondents nor their predecessors in title ever sought permission to use Blue Stone Drive.  
For over thirty-five years, there has been a fence around three sides of the cemetery, including the side along the back edge.  St. Luke does not claim to have erected the fence.  More recently, a portion of the fence at the back corner of the property has been rolled up, allowing traffic on Blue Stone Drive to cross the back of the cemetery property.  By 1995, traffic on Blue Stone Drive had begun crossing the back of the cemetery property, and the roadway has migrated close to several gravesites near the rear boundary of the cemetery.  The potential desecration of the gravesites is St. Lukes primary concern in bringing this lawsuit.  
In his order, the trial judge noted that Respondents could reach their property without following the present path of Blue Stone Drive through the back of the cemetery.  He reasoned that redirecting traffic would eliminate any desecration of gravesites, while keeping Blue Stone Drive open for county maintenance and available for continued access to Respondents properties.  The trial judge found that Respondents have obtained a prescriptive easement to access their properties by way of Blue Stone Drive.  Pursuant to the courts equitable powers, the trial judge relocated the road so as to provide access in the manner least burdensome to the church.  Thus, he ordered that traffic on Blue Stone Drive be redirected such that it veers off the cemetery property sixty-two feet before the back edge.  St. Luke appeals this ruling.
STANDARD OF REVIEW
The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury.  Slear v. Hanna, 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998).  The question of the extent of the easement is equitable.  Tupper v. Dorchester County, 326 S.C. 318, 323, 487 S.E.2d 187, 190 (1997).  On appeal from an action in equity, tried by the judge alone, without a reference, the appellate court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence.  Doe v. Clark, 318 S.C. 274, 276, 457 S.E.2d 336, 337 (1995); Thames v. Daniels, 344 S.C. 564, 571, 544 S.E.2d 854, 857 (Ct. App. 2001).  This broad scope of review does not require the appellate court to disregard the findings below.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981); Satcher v. Satcher, 351 S.C 477, 482, 570 S.E.2d 535, 538 (Ct. App. 2002).  Nor is the appellant relieved of its burden of convincing the court that the trial judge committed error in his findings.  Pinckney v. Warren, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001); Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).
LAW / ANALYSIS
          St. Luke argues the trial judge erred in concluding that the Respondents have a prescriptive easement over the cemetery.  We disagree.  
To establish an easement by prescription, there must be continued and uninterrupted use or enjoyment of the right for the full period of twenty years, identity of the thing enjoyed must be proven, and use must be adverse or under claim of right.  Pittman v. Lowther, 363 S.C. 47, 50, 610 S.E.2d 479, 480 (2005).  St. Luke argues that the twenty-year time period element was not established because evidence was presented which indicated that prior to 1994, Blue Stone Drive was used exclusively as an access to the cemetery.  In support of this contention, St. Luke points to the testimony of the church members and to photographs taken in 1970 showing a fence along the propertys southwest corner.   However, the church members did not testify that Blue Stone Drive was never used to access residences before 1994.  They testified that traffic from the road had not threatened the gravesites until then.  Further, there were numerous witnesses who testified to continuous and exclusive use of Blue Stone Drive by the Respondents and their predecessors to access their properties from Sardis Highway since before 1973.  The existence of the fence along the back of the property in 1970 does not refute this testimony; rather it indicates that traffic along Blue Stone Drive changed course over the years such that it later began to cross the back of the property where the fence once stood.  The trial judges order does not provide for a prescriptive easement across the area where that fence stood; instead it provides that the easement ends sixty-two feet in front of that area.  
          St. Luke also argues equity favors preserving the sanctity of the cemetery, relying on testimony that the traveled portion of Blue Stone Drive is seven feet from one headstone.  However, these arguments ignore the actual nature of the trial judges order.  His order in effect steers the traffic on Blue Stone Drive clear of the threatened gravesites.  
St. Luke argues that plats registered by Respondents Lynn Browder and Robert McGee imply that Respondents had other access to their properties and were not using Blue Stone Drive for ingress and egress as a matter of right.  However, the testimony of Respondents is that Blue Stone Drive has always been the only way they have accessed their properties, and the only way they can access their properties.  Furthermore, Florence County has maintained the road for public access since at least 1973, and there exist several residences with addresses on Blue Stone Drive.  The existence of plats describing other accesses to Respondents properties does not obviate the evidence supporting Respondents claim.  
In addition, the testimony at trial supports a finding that Respondents have used Blue Stone Drive for a continuous and uninterrupted period in excess of twenty years.  
CONCLUSION
Because we find there is ample evidence to support the trial judges finding of a prescriptive easement over St. Lukes cemetery in favor of Respondents, and because his modification steers traffic away from the gravesites, we hold the circuit court order should be
AFFIRMED.[1]
HEARN, C. J., and BEATTY and SHORT, J. J., concur.

[1] St. Luke also argued that the trial judge erred in finding that Blue Stone Road has been a public road since 1973.  However, in light of our disposition of this case, we need not address this argument.  See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (stating appellate court need not address remaining issues when resolution of prior issue is dispositive).