**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mackenzie Corey Blackmon, Appellant,

v.

Michelle Blackmon, Respondent.

Appellate Case No. 2022-000504

―――――――――

Appeal From Richland County
Monét S. Pincus, Family Court Judge

―――――――――

Unpublished Opinion No. 2023-UP-174
Submitted April 20, 2023 – Filed May 3, 2023

―――――――――

**AFFIRMED**

―――――――――

Mackenzie Corey Blackmon, of Columbia, pro se.

James Shadd, III, of Shadd Law Firm, LLC, of Columbia
for Respondent.

Paulette Edwards, of Columbia, Guardian ad Litem.

―――――――――

**PER CURIAM:** Mackenzie Corey Blackmon (Father) appeals a family court order granting him a divorce from Michelle Blackmon (Mother) on the ground of one-year continuous separation and awarding joint physical custody of the parties' minor child (Child) on a week-to-week schedule with Mother as the primary

custodial parent.  On appeal, Father argues (1) the family court erred in refusing to grant the divorce on the basis of physical cruelty, (2) the family court erred in awarding primary custody to Mother and setting a week-to-week custody schedule, and (3) the Guardian ad Litem (GAL) failed to discharge her duties appropriately. We affirm.[1]

1. We hold the family court did not err in finding Father failed to prove he was entitled to a divorce on the ground of physical cruelty and instead granting a no-fault divorce on the basis of one-year continuous separation.  In particular, we note the family court found Mother's testimony to be more credible than Father's and characterized Father's actions in pursuing domestic violence charges against Mother as "retaliatory."  *See Stoney v. Stoney*, 425 S.C. 47, 62, 819 S.E.2d 201, 209 (Ct. App. 2018) ("In appeals from the family court, the appellate court reviews factual and legal issues de novo."); *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001) ("However, this broad scope of review does not require an appellate court to disregard the factual findings below or ignore the fact that the trial judge is in the better position to assess the credibility of the witnesses."); *Stoney*, 425 S.C. at 62, 819 S.E.2d at 209 (explaining appellate courts "will affirm the decision of the family court unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by th[e appellate] court"); S.C. Code Ann. § 20-3-10 (2014) ("No divorce from the bonds of matrimony shall be granted except upon one or more of the following grounds, to wit . . . physical cruelty . . . or . . . on the application of either party if and when the husband and wife have lived separate and apart without cohabitation for a period of one year."); *Gorecki v. Gorecki*, 387 S.C. 626, 633, 693 S.E.2d 419, 422 (Ct. App. 2010) ("Physical cruelty is 'actual personal violence, or such a course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe.'" (quoting *Brown v. Brown*, 215 S.C. 502, 508, 56 S.E.2d 330, 333 (1949))); *id.* (explaining "[a] single assault by one spouse upon the other spouse can amount to physical cruelty," but only if the assault is "life-threatening or . . . indicative of an intention to do serious bodily harm or of such a degree as to raise a reasonable apprehension of great bodily harm in the future").

---

[1] Mother filed an initial brief, but did not file a final version.  However, we believe the Record on Appeal contains sufficient grounds for this court to affirm.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

2. We hold the family court did not err in awarding joint custody of Child and designating Mother as the primary custodian or in continuing the week-to-week custody schedule as previously ordered. The family court thoroughly analyzed the statutory best-interest factors set forth in section 63-15-240(B) of the South Carolina Code (2014). *See Stoney*, 425 S.C. at 62, 819 S.E.2d at 209 (explaining that appellate courts review factual and legal conclusions de novo in appeals from the family court); *Rudick v. Rudick*, 437 S.C. 270, 274, 878 S.E.2d 686, 688 (2022) ("However, de novo review does not require the [appellate c]ourt to disregard the family court's factual findings . . . ."); *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011) ("The tendency to affirm family court findings of fact may be traced to . . . the superior position of the trial judge to determine credibility and the appellant's burden to satisfy the appellate court that the preponderance of the evidence is against the finding of the trial court."); *Middleton v. Johnson*, 369 S.C. 585, 594, 633 S.E.2d 162, 167 (Ct. App. 2006) (stating that "[i]n all child custody cases, the welfare of the child and the child's best interest is the 'primary, paramount and controlling consideration of the court'" (quoting *Cook v. Cobb*, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978))); § 63-15-240(B) (listing seventeen factors for the family court to consider in determining the child's best interest when issuing or modifying a custody order).

3. We hold Father's argument that the GAL failed to appropriately discharge the duties outlined in her appointment order is not preserved for this court's review because he did not object to the GAL's testimony or final report or otherwise raise the issue of the GAL's conduct to the family court. *See Kneece v. Kneece*, 296 S.C. 28, 32, 370 S.E.2d 288, 290 (Ct. App. 1988) ("An issue either not presented to the trial court or not properly preserved by an exception presents no question before us on appeal.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.