### 1226

Margaret C. BOAN, Respondent v. May Lou Boan JACOBS, Executrix of the Estate of Paul Jerome Boan, deceased, Appellant.

(373 S. E. (2d) 697)

Court of Appeals

*J. Leeds Barroll, IV,* Columbia, *for appellant.*

*James I. Redfearn,* Chesterfield, *for respondent.*

Heard Oct. 10, 1988.

Decided Oct. 31, 1988.

*Per Curiam:*

Respondent Margaret C. Boan brought this action against appellant May Lou Boan Jacobs, executrix of the estate of Paul Jerome Boan, deceased, seeking to enforce a judgment allegedly obtained against the estate in North Carolina. Mrs. Jacobs made a special appearance and moved to dismiss the action on the ground that the South Carolina court did not have "personal or subject matter jurisdiction."[1] In support of her motion, Mrs. Jacobs asserts: "[T]he North Carolina judgment is void for lack of personal jurisdiction and cannot be enforced in South Carolina." The Circuit Court denied the

---

[1] The necessity of making a special appearance to question jurisdiction has been eliminated. *Dunbar v. Vandermore,* 295 S. C. 493, 369 S. E. (2d) 150 (Ct. App. 1988).

motion with leave to file an answer or other pleadings. We affirm but for a somewhat different reason than the reasons given by the Circuit Court in its order denying the motion. *See* Rule 4, § 8, Rules of Practice in the Supreme Court of South Carolina ("[T]his Court reserves the right to sustain any ruling order or judgment upon any grounds appearing in the record.").

When an action is brought to enforce a judgment ■■ obtained in another state, the defendant can assert as a defense that the other state did not have personal jurisdiction to render the judgment. 50 C. J. S. *Judgments* § 875 (1947). However, lack of personal jurisdiction by the court in the other state cannot be asserted as the basis for a motion to dismiss for lack of jurisdiction of the court in the state in which the action is brought. In other words, lack of personal jurisdiction by the North Carolina court can be asserted as a defense to the action in South Carolina, but cannot be asserted as the basis for a motion to dismiss the action for lack of jurisdiction by the South Carolina court. The concept of jurisdiction refers to the authority of a court over a particular person (personal jurisdiction) or the authority of a court to entertain a particular action (subject matter jurisdiction), but the concept does not refer to the validity of the claim on which an action against a person is based. 20 Am. Jur. (2d) *Courts* § 105 (1965); 21 C. J. S. *Courts* §§ 23, 35, 73 (1940). Therefore, even if the judgment obtained in North Carolina is a nullity because the North Carolina court did not have personal jurisdiction, it does not follow that the South Carolina court would not have jurisdiction to entertain the action brought to enforce the judgment.

For this reason, the order of the Circuit Court is

Affirmed.