524 S.E.2d 856

**Simon GREER and Carolina Alliance for Fair Employment, Appellants,**

v.

**SPARTANBURG TECHNICAL COLLEGE, Respondent.**

**No. 3089.**

Court of Appeals of South Carolina.

Heard Nov. 2, 1999.
Decided Dec. 13, 1999.
Rehearing Denied Jan. 29, 2000.

Stephen John Henry, of Greenville, for appellants.

William McBee Smith, of Smith & Haskell, of Spartanburg, for respondent.

PER CURIAM:

Simon Greer and the Carolina Alliance for Fair Employment (CAFE) [1] (collectively referred to as the Appellants) appeal an order finding Spartanburg Technical College did not violate the Appellants' First Amendment rights when it canceled a course entitled "Who Builds America." We affirm.

## FACTS

In September 1994, Greer approached the College with a proposal to teach what was described as a history course emphasizing the impact of economic changes on conditions in South Carolina. The College accepted the course under its community interest offerings and advertised it in the College register. The blurb prepared by Greer for publication in the register posed the following questions: "How do broad economic changes impact local conditions in South Carolina? How do these changes affect our rights and our workplaces? How does the history of the American economy affect us today?"

At approximately the same time, Greer prepared a leaflet to be distributed independently of the College which used the following questions and statements to describe and attempt to pique interest in the course: "Do you know how labor laws have been created and how they affect you? How do today's

---

1. CAFE is a not for profit labor organization that provides job rights information to workers and advocates unionization.

economic decisions affect workers? Come learn the history of working people in the south."

Sometime after the acceptance of the course proposal but prior to the beginning of classes, the college president, Jack Powers, learned the course was discussed in CAFE's November 1994 newsletter. The newsletter stated that at a meeting of the Spartanburg chapter of CAFE the chapter discussed plans for participating in the course "we will be offering this winter at Spartanburg Tech." Based on the newsletter, Powers decided to cancel the course.

In response to the cancellation, Greer filed suit against the College. CAFE was later joined as a plaintiff. The trial court struck all Appellants' claims for money damages, ruled that the action was one in equity and held a non-jury trial. The court found that the real purpose and intent of the course was not disclosed to the College and that it was reasonable for the College to conclude that its agreement to permit the course was a result of that non-disclosure. The court ruled that, among other things, the College's cancellation of the course was reasonable and did not violate the Appellants' First Amendment rights.

## DISCUSSION

■ Appellants argue the College canceled the course because of Greer's affiliation with CAFE. Appellants argue that this violated their First Amendment rights of association and they rely on cases concerning freedom of association and organizational memberships. *See Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); *see also Keyishian v. Board of Regents of Univ. of the State of N.Y.*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

■ In reviewing a proceeding in equity, this court may find facts based on its own view of the preponderance of the evidence. *See Doe v. Clark*, 318 S.C. 274, 457 S.E.2d 336 (1995). This broad scope of review does not require this court to ignore the findings below when the trial court was in a better position to evaluate the credibility of the witnesses. *See Stevenson v. Stevenson*, 276 S.C. 475, 279 S.E.2d 616 (1981). Appellants have the burden of convincing this court the trial court committed error. *Id.* Additionally, this court

may affirm the trial court's ruling upon any ground appearing in the record. *See* Rule 220(c), SCACR.

■ In 1977 the United States Supreme Court adopted a causation test in areas of constitutional law. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The test distinguishes between a result caused by a constitutional violation and one caused by other factors. *Id.* In *Mt. Healthy,* an abrasive teacher who had been involved in several incidents at school made a call to a radio program. *Id.* at 281–82, 97 S.Ct. 568. During the call he related details from a school memorandum. *Id.* at 282, 97 S.Ct. 568. The school advised Doyle he would not be rehired due to his lack of tact. *Id.* The call to the radio station was specifically mentioned along with other incidents. *Id.* at 282–83, 97 S.Ct. 568. Doyle claimed his call to the radio station was protected by the First Amendment.

The Court found the burden was on Doyle to demonstrate his conduct was constitutionally protected and that this conduct was a substantial or motivating factor in the school's decision not to rehire him. *Id.* at 287, 97 S.Ct. 568. If Doyle succeeded, the court would then determine whether a preponderance of the evidence demonstrated the school would have reached the same decision even in the absence of Doyle's protected conduct. *Id.; see also Stroman v. Colleton County Sch. Dist.,* 981 F.2d 152 (4th Cir.1992) (In determining whether teacher's discharge from employment was based on exercise of conduct protected by the First Amendment, teacher has burden of proving that protected speech played a "substantial" role in termination decision or was "a motivating factor"; school district may nevertheless rebut the showing by proof that it would have discharged the teacher even in the absence of the protected conduct, and test thus becomes one of whether teacher would have been retained or rehired "but for" exercise of speech protected by the First Amendment.).

A preponderance of the evidence supports the trial court's finding that Greer deceived the College. Greer did not complete the employment portion of the College's application or disclose that he was a CAFE employee. Greer did not reveal CAFE's involvement in the planning of the course or, more importantly, that CAFE was actually offering the course. All

of the guest lecturers were CAFE members or represented CAFE in other capacities. CAFE encouraged the showing of the film "The Uprising of '34" for recruitment purposes. A College employee, Wendy Metz, testified Greer later told her he was teaching the course "in order to recruit workers."

While we agree with Appellants that the primary issue in this case is not a disagreement over curriculum, we nonetheless find Appellants' First Amendment freedom of association rights were not violated because a preponderance of the evidence supports the trial court's determination that the College canceled the course primarily because of Greer's deception rather than his affiliation with CAFE.

Appellants further assert the trial judge committed error by making various findings of fact regarding a breach of contract claim, Greer's completion of a job application, and the content and nature of the course. As indicated earlier, this court may find facts based on its own view of the preponderance of the evidence. We find the. breach of contract cause of action was dropped from the suit; therefore any finding regarding it is irrelevant. We hold the trial court's findings regarding Greer's failure to complete the employment portion of the application and the nature and content of the course are supported by a preponderance of the evidence. Appellants have thus failed to carry their burden of convincing the court the trial judge committed error.

■ Appellants lastly argue the trial court erred in striking Appellants' demands for money damages and attorney's fees from the 42 U.S.C. § 1983 cause of action. Because we find Appellants have not prevailed in the action, their demand for monetary damages and attorney fees is moot. Therefore, the judgment of the trial court is

**AFFIRMED.**

CONNOR, ANDERSON, and STILWELL, JJ., concur.