632 S.E.2d 858

**In re Matter of Anne D. ULMER / Jane Ulmer Patrick, successor Trustee and Conservator, Appellant,**

v.

**Will C. ULMER, III, Respondent.**

**No. 26177.**

Supreme Court of South Carolina.

Heard Feb. 1, 2006.

Decided July 3, 2006.

Edgar W. Dickson, of Williams & Williams, of Orangeburg, for Appellant.

Thomas E. Lydon, of McAngus Goudelock & Courie, L.L.C., of Columbia, for Respondent.

James B. Jackson, Jr., of Yarborough Hutto & Jackson, of Orangeburg, for Guardian Ad Litem.

Chief Justice TOAL:

This case was certified for review from the court of appeals pursuant to Rule 204(b), SCACR. This appeal arises from an order of the probate court restricting Will Ulmer (Respondent) from visiting his mother, Anne Ulmer (Mrs. Ulmer). During the appeal of a separate issue, Respondent made a motion to the circuit court to modify the probate court's visitation order. The circuit court granted the motion. Jane Ulmer Patrick (Appellant), successor trustee and conservator for Mrs. Ulmer, appeals. We reverse the circuit court's order modifying the probate court's visitation order.

### FACTUAL / PROCEDURAL BACKGROUND

Mrs. Ulmer served as trustee for a trust established upon the death of her husband for the benefit of her grandson. She was to receive income from the trust during her lifetime. Upon Mrs. Ulmer's death, the trust was to terminate and the trust property distributed to her grandson.

In September of 2000, Respondent was appointed as Attorney in Fact for Mrs. Ulmer. However, Respondent was replaced in February of 2003 after Mrs. Ulmer filed a petition to determine if Respondent had committed a breach of his

fiduciary duties by selling timber located on the trust property and by removing money from savings accounts, certificates of deposit, and her safe deposit box. Subsequently, the court named Appellant as Mrs. Ulmer's guardian and conservator.

On April 21, 2004, the probate court found that Respondent had breached his fiduciary duties and ordered that he pay $91,490.87 in restitution. The probate court order also provided that Respondent was not to visit Mrs. Ulmer until he was contacted by Appellant at Mrs. Ulmer's request. Respondent did not appeal this order.

On October 15, 2004, the probate court held Respondent in contempt of court for failing to pay the restitution due the trust. Additionally, in the contempt order, the probate court allocated the repayment and ordered Respondent to replant timber on some of the properties. Respondent filed a motion for reconsideration. On December 3, 2004, the probate court denied the motion and ordered that Respondent be imprisoned until he complied with the court's orders or for thirty days, whichever occurred first.

After the court denied Respondent's motion to alter or amend the judgment of the contempt order, Respondent filed a notice of appeal. Respondent later amended the notice of appeal, limiting the issues on appeal to the probate court's contempt orders dated October 15, 2004 and December 3, 2004. On February 9, 2005, Respondent filed a motion in circuit court for permission to visit Mrs. Ulmer. The circuit court granted the motion on the limited ground that Respondent be allowed one supervised visit with Mrs. Ulmer. This appeal followed, wherein Appellant raises the following issues for review:

I.  Did the circuit court err in ordering a change in visitation because the matter was not preserved for review? [1]

---

1. Both Appellant and Respondent frame the issue on appeal in terms of the "jurisdiction" of the circuit court. "The concept of jurisdiction refers to the authority of a court over a particular person (personal jurisdiction) or the authority of a court to entertain a particular action (subject matter jurisdiction)." *Boan v. Jacobs,* 296 S.C. 419, 421, 373 S.E.2d 697, 698 (Ct.App.1988) (citations omitted). This case involves whether the issue reviewed by the circuit court was properly appealed and preserved for appellate review, not the circuit court's power to hear appeals from the probate court.

II. If this Court finds the matter is preserved for review, did the circuit court err in ordering visitation because the facts do not support a modification of the probate court's order?

## LAW AND ANALYSIS

### I. Issue Preservation

Appellant contends the circuit court erred in ordering a change in visitation because the matter was not preserved for review. We agree.

■ The Probate Code governs appeals from the probate court. Under the Probate Code, final orders or decrees of the probate court may be appealed to the circuit court. S.C.Code Ann § 62–1–308(a) (Supp.2005). In reviewing an appeal from the probate court, the circuit court must apply the same rules of law as an appellate court would apply. S.C.Code Ann. § 62–1–308(d); *In re Estate of Pallister,* 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005). Accordingly, because the circuit court has appellate jurisdiction only, it has no power to hear new evidence in reviewing a probate matter. S.C.Code Ann. § 62–1–308(d); *In re Estate of Howard,* 315 S.C. 356, 360, 434 S.E.2d 254, 257 (1993).

■ An appellate court will not consider issues on appeal which have not been preserved for appellate review. *In the Interest of Michael H.,* 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (holding that issues must be raised and ruled upon in the trial court to be preserved for appellate review). When an appellate court rules on an issue not preserved for appellate review, the portion of the appellate court's opinion pertaining to the unpreserved issue should be vacated. *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003).

■■ Further, the circuit court has appellate jurisdiction over only those matters which are properly appealed. *In re Estate of Cretzmeyer,* 365 S.C. 12, 14, 615 S.E.2d 116, 116 (2005). "A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case." *Austin v. Specialty Transp. Servc.,* 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct.App.2004). Therefore, even where the error has been

preserved at the trial level, the party must make timely service of the notice of appeal to present the issue to the appellate court for review. 15 S.C. Jur. *Appeal and Error* § 71 (2005).

In this case, the probate court initially ruled upon the issue of visitation in its April 21, 2004 order. The second order of the probate court, entered October 15, 2004, concerned only the contempt proceedings instituted against Respondent. Respondent filed a motion for reconsideration in the probate court with regard to the second order finding him in contempt. However, at no time did Respondent petition the probate court to modify the visitation order. After the probate court denied Respondent's motion for reconsideration in its December 3, 2004 order, Respondent filed an appeal with the circuit court. Respondent later amended the notice of appeal, limiting the issues to the probate court's October and December orders only.

We find that the circuit court could not modify the visitation order of the probate court because the issue of visitation was not preserved for review. Respondent did not make a post trial motion to the probate court regarding visitation, nor did he petition the probate court for modification of its visitation order. Therefore, the trial court was not given an opportunity to rule on the issue before the issue was raised in the appellate court. For that reason, the circuit court erred in changing the visitation order because the circuit court could review only those matters which were properly preserved for review.

■ Additionally, we find that by amending the notice of appeal, limiting the issues to the probate court's October 2004 and December 2004 orders only, Respondent failed to appeal the April 2004 order limiting visitation. Accordingly, even if the issue had been preserved, the circuit court erred in modifying the visitation order, no appeal having been taken from the April 2004 order.

■ Respondent contends the circuit court properly heard the motion to modify the visitation order because the probate court was divested of its jurisdiction over the entire

matter under S.C.Code Ann. § 62–1–308(c).[2]  Respondent misunderstands the statute.  Section 62–1–308(c) does not apply to all orders of the probate court concerning the parties.  The only proceedings required to cease are those proceedings addressed in the orders from which an appeal was taken.  Accordingly, Respondent's reliance on § 62–1–308(c) is misplaced.  Therefore, we reverse the circuit court's order modifying visitation.

## II.  Modification of Visitation

Appellant argues that if the matter was preserved for review, the facts do not support a change in visitation.  Because the Court finds that the matter was not preserved for review or properly appealed, we do not address this issue.

### CONCLUSION

For the reasons stated above, the Court finds that the circuit court erred in modifying the visitation order of the probate court.  Accordingly, the circuit court's order granting visitation is reversed.

MOORE, BURNETT, JJ., and Acting Justice BROOKS P. GOLDSMITH, concur.  PLEICONES, J., concurring in result only.

---

**2.**  Section 62–1–308(c) reads, "[w]hen an appeal according to law is taken from any sentence or decree of the probate court, all proceedings in pursuance of the order, sentence, or decree appealed from shall cease until the judgment of the circuit court, court of appeals, or Supreme Court is had.  If the appellant, in writing, waives his appeal before the entry of the judgment, proceedings may be had in the probate court as if no appeal had been taken."