THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 John W.
 Hayward, Respondent,
 
 
 
 
 

v.

 
 
 
 
 State of South
 Carolina, Petitioner.
 
 
 
 
 

ON WRIT OF CERTIORARI

Appeal From Richland County
James R. Barber, Circuit Court Judge

Memorandum Opinion No.  2011-MO-008
 Submitted October 20, 2010  Filed March
7, 2011  

AFFIRMED IN PART; REVERSED IN PART

 
 
 
 Attorney General Alan Wilson, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Brian T. Petrano, all of Columbia, for Petitioner.
 Appellate Defender Elizabeth A. Franklin-Best, of
 South Carolina Commission on Indigent Defense, of Columbia, for Respondent.
 
 
 

JUSTICE
 KITTREDGE:  We granted the State's
 certiorari petition to review an order granting Respondent post-conviction
 relief (PCR).  We affirm in part and reverse in part.
I.
Respondent
 faced numerous criminal charges in Richland and Lexington Counties.  Respondent
 pled guilty in Richland County to the Richland County charges.  Counsel
 represented Respondent on the Richland County charges but not the Lexington
 County charges.  At the time of the Richland County guilty plea, Respondent
 elected to waive grand jury presentment of the Lexington County charges and
 plead guilty to the Lexington County charges as well.  Respondent was not
 represented by counsel on the Lexington County charges.  Respondent was
 sentenced on all charges to 325 years' imprisonment.
Respondent's
 direct appeal was unsuccessful.  Respondent's subsequent PCR application was
 successful as the PCR court granted full relief, vacating the guilty pleas in
 Richland and Lexington Counties.  We granted the State's petition for a writ of
 certiorari. 
II.
Because
 Respondent was denied his right to counsel concerning the Lexington County
 charges, we reject the State's challenge to the grant of PCR with respect to
 the Lexington County charges and affirm pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: Cherry v. State, 300 S.C. 115, 119, 386
 S.E.2d 624, 626 (1989) (applying the "any evidence" standard of
 review to PCR actions); Stevenson v. State, 337 S.C. 23, 26, 522 S.E.2d
 343, 344 (1999) (recognizing that the Sixth Amendment guarantees the right to
 counsel for criminal defendants); Nance v. Ozmint, 367 S.C. 547, 552,
 626 S.E.2d 878, 880 (2006) (observing that prejudice is presumed when an
 accused is denied counsel at a critical stage).
As for the grant of PCR on the Richland County
 charges, the State argues that "Respondent did not offer any evidence into
 how [Richland County] counsel's purported lack of preparation regarding the
 Lexington County charges prejudiced the handling of the Richland County charges
 and the PCR Court erred in finding otherwise."  (Br. of Petitioner at 13.) 
 We agree.  There is no evidence to support the contention of ineffective
 assistance of counsel in connection with the Richland County charges. 
 Accordingly, the grant of PCR concerning the Richland County guilty plea and
 sentences is reversed.  The Richland County convictions and sentences are
 reinstated.
AFFIRMED IN PART, REVERSED IN PART.

TOAL, C.J. and HEARN, J.,
 concur. PLEICONES, J., concurring in part and dissenting in part in a separate
 opinion in which BEATTY, J., concurs.

JUSTICE
 PLEICONES:  I concur in
 part, and dissent in part.  I agree with the majority that respondent was
 denied his right to counsel concerning the Lexington County charges.  As to the
 Richland County charges, however, I would decline to address this issue, as I
 find the State does not challenge that ruling on certiorari.
The State does
 not challenge the PCR judge's finding that respondent's guilty plea was a
 non-severable agreement between respondent and the State and that relief must
 therefore be granted as a whole.  Accordingly, this finding is the law of the
 case.  See Ulmer v. Ulmer, 369 S.C. 486, 632 S.E.2d 858 (2006) (as a general
 rule, an unchallenged ruling, right or wrong, is the law of the case).
Further, while
 the State challenges the PCR judge's finding that counsel was ineffective, it
 does not specifically challenge any finding regarding the Richland charges. 
 Rather, the State's argument focuses on the Richland PD's representation as to
 the Lexington charges.  The State's one sentence argument, as relied upon by
 the majority, that respondent failed to show how the Richland PD's ineffective
 assistance[1] regarding the Lexington charges prejudiced respondent as to the Richland
 charges is conclusory as it is wholly unsupported by any authority.  In the Matter of the Care and Treatment of McCracken, 346 S.C. 87, 551 S.E.2d 235 (2001) (an issue is
 deemed abandoned if the argument in the brief is not supported by authority or
 is only conclusory).  Because the State fails to
 challenge the PCR judge's findings that relief should be granted as to all of
 the charges and that the Richland PD was ineffective in his representation as
 to the Richland charges, I would decline to address whether the Richland PD
 provided effective assistance of counsel.  Ulmer, supra.
I would uphold
 the PCR order granting respondent relief on both the Lexington and Richland
 charges.
BEATTY, J., concurs.

[1] In fact, he provided no assistance at all, save his gratuitous advice to
 respondent to plead guilty to the Lexington charges in order to avoid LWOP.