**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carolyn Diane Johnson, Respondent,

v.

Christoper L. Mew and Rose Ann Bowers Youmans, Defendants,

Of Whom Christopher L. Mew is the Appellant,

And Of Whom Rose Ann Bowers Youmans is a Respondent.

Appellate Case No. 2011-195126

_____

Appeal From Allendale County
William E. Myrick, Jr., Special Referee

_____

Unpublished Opinion No. 2012-UP-520
Submitted September 4, 2012 – Filed September 12, 2012

_____

**DISMISSED**

_____

J. Morgan Kearse, of Kearse Law Firm, L.L.C., of Allendale, for Appellant.

Rose Ann Bowers Youmans, pro se, of Fairfax.

Walter H. Sanders, Jr., of Walter H. Sanders, Jr., PA, of Fairfax, for Respondent Carolyn Diane Johnson.

**PER CURIAM:** Christopher L. Mew appeals a special referee's order quieting and confirming title in favor of Carolyn Diane Johnson, arguing the special referee erred in finding a corrective deed can divest a fee simple absolute interest in real estate and in conducting the quiet title hearing without a court reporter. We dismiss. [1]

"Service of the notice of intent to appeal is a jurisdictional requirement, and this [c]ourt has no authority to extend or expand the time in which the notice of intent to appeal must be served." *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985). "The notice of appeal from an order or judgment issued by a master or special referee shall be served in the same manner as provided by Rule 203(b)(1)." Rule 203(b)(4), SCACR. "A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." Rule 203(b)(1), SCACR. "A *timely* post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) (emphasis added). Here, Mew failed to file a timely Rule 59(e), SCRCP, motion. As a result, the time for Mew to file a notice of appeal from the special referee's order was never tolled and began to run when Mew first received notice of the order quieting and confirming title. Because Mew did not file his notice of appeal until June 27, 2011, well after thirty days had elapsed from the latest date he could have received notice of the initial order on March 4, 2011,[2] his notice of appeal filing was not timely. Accordingly, we lack jurisdiction and dismiss Mew's appeal.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Because Mew failed to appeal the finding that his Rule 59(e), SCRCP, motion was untimely, it is the law of the case. *See Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) (noting a portion of a judgment that is not appealed, right or wrong, becomes the law of the case). The special referee found Mew's March 15, 2011 Rule 59(e), SCRCP, motion untimely; therefore, the latest date Mew could have received notice of the special referee's order is March 4, 2011. *See* Rule 59(e), SCRCP (noting a motion to alter or amend must be served not later than ten days after receipt of written notice of the order).

**DISMISSED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**