**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of: Estate of Brockie Hopkins, Jr. (Decedent),

Rodney Brock Hopkins, Respondent,

v.

Mary Uptagrafft on Behalf of Joshua B. Hopkins, Jacob T. Hopkins, Jensen M. Hopkins and Johanna S. Hopkins,

Of whom Mary Uptagrafft is the Appellant.

Appellate Case No. 2020-000327

————————

Appeal From Darlington County
Roger E. Henderson, Circuit Court Judge

————————

Unpublished Opinion No. 2022-UP-284
Submitted June 1, 2022 – Filed July 6, 2022

————————

**VACATED**

————————

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, for Appellant.

Richard Edward Conner, Jr., of The Conner Law Firm, P.C., of Hartsville, for Respondent.

————————

**PER CURIAM:** Mary Uptagrafft appeals the circuit court's decision to reverse the probate court's denial of Rodney Hopkins's motion for summary judgment. We vacate the circuit court's order.

In a probate action brought by Uptagrafft against Hopkins, the probate court denied Hopkins's motion for summary judgment. Hopkins appealed the denial of summary judgment to the circuit court. The circuit court reversed the probate court, and Uptagrafft appealed to this court. We hold the probate court's denial of Hopkins's motion for summary judgment was not appealable to the circuit court, and therefore, the circuit court lacked appellate jurisdiction over the case. *See Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("[T]he circuit court has appellate jurisdiction over only those matters which are properly appealed."); *Ballenger v. Bowen*, 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994) (stating an order denying a motion for summary judgment is not appealable); S.C. Code Ann. § 62-1-308(a) (2022) (requiring an individual receive a final order from the probate court before appealing to the circuit court); S.C. Code Ann. § 62-1-308(i) (2022) (requiring the circuit court and this court to "determine the appeal according to the rules of law"). Because the circuit court lacked appellate jurisdiction, we vacate the order.

**VACATED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.