**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Glenn A. Zeigler, individually and as Personal Representative of the Estate of Leon Zeigler and Lula Mae Zeigler, Respondent,

v.

Deatrix Zeigler, Appellant.

Appellate Case No. 2024-001080

Appeal From Lexington County
James O. Spence, Master-in-Equity

Unpublished Opinion No. 2026-UP-076
Submitted February 2, 2026 – Filed February 18, 2026

**AFFIRMED**

Robert Lee Gailliard, of Robert L. Gailliard, Attorney at Law, of North Charleston, for Appellant.

Spencer Andrew Syrett, of Columbia, for Respondent.

**PER CURIAM:** Deatrix Ziegler (Deatrix) appeals the Master-in-Equity's order finding a quitclaim deed conveying real property from Leon and Lula Mae Ziegler (collectively, Parents) to Deatrix was improperly executed and invalid to effect the transfer of real property. On appeal, Deatrix argues the master erred because the

deed was signed, properly witnessed, and notarized.  We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err by setting aside the deed because the witnesses to the deed were not present when the deed was signed and therefore, the deed was improperly executed and invalid.  *See Shirey v. Bishop*, 431 S.C. 412, 421, 848 S.E.2d 325, 330 (Ct. App. 2020) ("[A]n action to set aside a deed [is a] matter[] in equity."); *id.* ("In reviewing a proceeding in equity, [an appellate] court may find facts based on its own view of the preponderance of the evidence." (quoting *Greer v. Spartanburg Tech. Coll.*, 388 S.C. 76, 79, 524 S.E.2d 856, 858 (Ct. App. 1999))); *Skipper v. Perrone*, 382 S.C. 53, 57, 674 S.E.2d 510, 512 (Ct. App. 2009) (stating that although preponderance of the evidence scope of review is broad, an appellate court will "not disregard the findings of the [master], who saw and heard the witnesses and was in a better position to evaluate their credibility." (quoting *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989))); S.C. Code Ann. § 27-7-10 (2007) ("The following form or purport of a release shall, to all intents and purposes, be valid and effectual to carry from one person to another or others the fee simple of any land or real estate if it shall be executed in the presence of and be subscribed by two or more credible witnesses . . . .").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.